Robert A. Bleicher (Bar No. 111334)
Chung-Han Lee (Bar No. 231950)
HOLLAND & KNIGHT LLP
50 California Street, 28th Floor
San Francisco, California 94111
Telephone: (415) 743-6900
Facsimile: (415) 743-6910

Attorneys for Defendant
PRAXAIR DISTRIBUTION INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    vs.<br><br>PRAXAIR DISTRIBUTION INC., a foreign corporation; HARSCO CORPORATION, SHERWOOD VALVE DIVISION, a foreign corporation; ad DOES 1 THROUGH 50, inclusive,<br><br>            Defendants. | Case No.  CV-04-03943 SC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT PRAXAIR DISTRIBUTION, INC.'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Hearing Date: Friday, September 2, 2005<br>Time:             10:00 A.M.<br>Place:            Courtroom 1, 17th Floor |

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1

2

**<u>TABLE OF CONTENTS</u>**

<u>Page</u>

3   I.     INTRODUCTION .................................................................................................. 1

4   II.    STATEMENT OF FACTS ..................................................................................... 2

5          A.    The Relationship Between PDI, Exelixis and Federal ............................... 2

6          B.    The February 21, 2002 Contract ................................................................ 3

7   III.   LEGAL ARGUMENT ........................................................................................... 4

8          A.    Legal Standard ........................................................................................... 4

9          B.    The Contract Between PDI and Exelixis Precludes
                  Federal's Negligence, Strict Liability and Breach of
10                Warranty Action ......................................................................................... 4

11               1.    Federal Is Subrogated to the Rights of Exelixis ............................... 4

12               2.    The Clear and Unambiguous Terms of the Contract
                       Explicitly Precludes Negligence, Strict Liability and
13                     Warranty Claims. .............................................................................. 5

14               3.    California Law Recognizes and Upholds
                       Contractual Limitation of Liability Provisions
15                     Excluding Negligence, Strict Liability and Warranty
                       Claims. .............................................................................................. 6
16
                       a.    California Law Recognizes Contractual
17                           Limitation of Liability Provisions
                             Exempting Negligence Where the Public
18                           Interest Is Not Involved. ...................................................... 6

19                     b.    California Law Recognizes Contractual
                             Limitation of Liability Provisions
20                           Exempting Strict Liability Claims in the
                             Commercial Setting. ............................................................. 8
21
                       c.    The Warranty Disclaimer Contained in the
22                           February 21, 2002 Contract Are Enforceable
                             Because The Provision Is Not
23                           Unconscionable ................................................................... 10

24                     d.    The Limitation of Liability and Limitation
                             of Damages Provisions Should Be Enforced
25                           Because It Is Comprehensible, Clear and
                             Explicit, and Free of Ambiguity or
26                           Obscurity ............................................................................ 11

27   IV.   CONCLUSION .................................................................................................... 12

28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910

-i-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PDI'S
MOTION FOR SUMMARY JUDGMENT

Case No. CV-04-03943 SC

1

**TABLE OF AUTHORITIES**

2

3   **Cases**

4   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986) .................4

5   *Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1 (1989) ...........................8, 9

6   *Basin Oil Co. of Calif. v. Baash Ross Tool Co.*, 125 Cal. App. 2d 578 ........................................11

7   *Beck Park Apts. v. United States Dept. of Housing*, 695 F.2d 366 (9th Cir. 1982) .........................4

8   *Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819 F.2d 1519 (9th Cir. 1987).............8

9   *Delta Air Lines v. Douglas Aircraft Co.*, 238 Cal. App. 2d 95 (1965) ......................................7, 8

10  *Delta Air Lines, Inc. v. McDonnell Douglas Corp.*, 503 F.2d 239 (5th Cir. 1974) .........................9

11  *Dorman v. Int'l Harvester Co.*, 46 Cal. App. 3d 11 (1975)...........................................................10

12  *Fireman's Fund Ins. Co. v. Wilshire Film Ventures*, 52 Cal. App. 4th 553 (1997)..........................4

13  *Gardner v. Downtown Porsche Audi*, 180 Cal. App. 3d  713 (1986) ..........................................6

14  *Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401 (9th Cir. 1985)...........................4

15  *Kassbaum v. Steppenwolf Productions, Inc.*, 236 F.3d 487 (9th Cir. 2000)...................................4

16  *Kitty-Anne Music Co. v. Swan*, 112 Cal. App. 4th (2003) ...........................................................4

17  *Madison v. Superior Court*, 203 Cal. App. 3d 589 (1988) ........................................................11

18  *Maryland Cas. Co. and National Amer. Ins. Co.*, 48 Cal. App. 4th 1822 (1996) .............................5

19  *Nunes Turfgrass, Inc. v. Vaughn-Jacklin Seed Co., Inc.*, 200 Cal. App. 3d 1518 (1988) ................10

20  *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.3d 234 (1987) ..................7, 8

21  *Salton Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914 (1985)......................11

22  *Siemens Credit Corp. v. Newlands*, 905 F. Supp. 757 (N.D. Cal 1994) .......................................10

23  *Snider v. Basinger*, 61 Cal. App. 3d 819 (1976)........................................................................5

24  *Tunkl v. Regents of University of California*, 60 Cal. 2d 92 (1963) ...............................................6

25  *U.S. v. King Features Entertainment, Inc.*, 843 F.2d 394 (9th Cir. 1988) .....................................4

26  *Westlye v. Look Sports, Inc.*, 17 Cal. App. 4th 1715 (1993)......................................................11

27

28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910

## TABLE OF AUTHORITIES

**Page**

**Statutes**

CAL. CIV. CODE § 1638 ...............................................................................................5

CAL. CIV. CODE § 1639 ...............................................................................................5

CAL. CIV. CODE § 1643 ...............................................................................................5

CAL. CIV. CODE § 1644 ...............................................................................................5

CAL. CIV. CODE § 1668 ...............................................................................................6

CAL. COM. CODE § 2-316(2) .....................................................................................10

**Rules**

FED. R. CIV. P. 56 ........................................................................................................1

FED. R. CIV. P. 56(c) ...................................................................................................4

FED. R. CIV. P. 56(e) ...................................................................................................4

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

-iii-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PDI'S
MOTION FOR SUMMARY JUDGMENT

Case No. CV-04-03943 SC

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1    Defendant Praxair Distribution, Inc. (hereinafter "PDI") submits the following

2  Memorandum of Points and Authorities in Support of its Motion for Summary Judgment or, in the

3  Alternative, Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil

4  Procedure.

## I.    INTRODUCTION

6    Plaintiff Federal Insurance Company's (hereinafter "Federal") complaint alleges claims for

7  negligence, strict product liability, and breach of warranty against defendants Praxair Distribution,

8  Inc. and Harsco Corporation, Sherwood Valve Division.  The subrogation complaint alleges a claim

9  for damages arising from the alleged failure of the delivery and/or valve system of a cylindrical

10  tank, model number 240 Plus, serial number 454-006-F6, which was to deliver liquid nitrogen into

11  an automated biomedical holding chamber.  The alleged failure purportedly caused the spoliation of

12  biological matter on April 2, 2002 at the facility of plaintiff's insured, Exelixis, Inc. (hereinafter

13  "Exelixis").

14    PDI and Exelixis' business relationship is governed by a contract that sets forth the terms of

15  PDI's agreement to supply gas products to Exelixis.  Because Federal succeeds under subrogation

16  to the rights of its insured, Exelixis, Federal's right to sue PDI for damages under a negligence,

17  strict liability, and breach of warranty theory is also governed and limited by the contract between

18  PDI and Exelixis.  The relevant contract contains both a limitation of liability provision and a

19  limitation of damages clause.  First, paragraph 8 of the contract provides: "No claim of any kind

20  with respect to any of the Products delivered hereunder, whether based on contract, negligence,

21  warranty, strict liability or otherwise, shall be greater than the price paid for the Products in respect

22  to which such claim is made."  Second, paragraph 9 of the contract provides: "Purchaser assumes

23  all risk and liability for loss, damages or injury to persons or property arising out of the presence of

24  or use of the Products.  Seller will not be liable for any special, indirect, incidental or consequential

25  damages hereunder, whether arising from failure to deliver the Products or negligence, warranty,

26  strict liability or otherwise."  Given these contractual limitations clauses, neither Exelixis nor

27  Federal is entitled to maintain an action for damages against PDI as matter of law.

28

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PDI'S
MOTION FOR SUMMARY JUDGMENT                                    Case No. CV-04-03943 SC

1   PDI makes this motion for summary judgment on the sole issue of whether the terms of the

2   contract extinguishes Federal's claims against PDI as a matter of law.  Alternatively, PDI

3   respectfully requests that the Court grant it partial summary judgment on the claims on which there

4   are no genuine issue of material fact and on which PDI must prevail as a matter of law.  PDI

5   specifically reserves its right to move for summary judgment on other grounds, including causation,

6   after further discovery.

## II.    STATEMENT OF FACTS

### A.    The Relationship Between PDI, Exelixis and Federal

9   PDI is a supplier of industrial, medical and specialty gases in cylinders and small cryogenic

10   containers.  Declaration of Bill Bright, ¶ 2.  Exelixis is a pharmaceutical company engaged in the

11   discovery and development of potential new drug therapies.  Complaint, ¶ 7.  Federal is an

12   insurance company that issued a contract of insurance to Exelixis whereby Federal undertook to

13   insure and indemnify Exelixis against certain business losses.  Complaint, ¶ 8.

14   Federal alleges that PDI supplied Exelixis with a cylindrical tank, model number 240 Plus,

15   serial number 454-006-F6, which failed to deliver liquid nitrogen into an automated biomedical

16   holding chamber resulting in the spoliation of biological matter on or about April 2, 2002 at

17   Exelixis' facility in South San Francisco.  Complaint, ¶ 9.  As a result of this alleged failure,

18   Exelixis suffered a loss in the amount of $235,800, and Federal was obligated to pay a claim to

19   Exelixis in the amount of $210,800 after Exelixis' deductible.  Complaint, ¶¶ 18-19.[1]

20   PDI entered into a contract with Exelixis on April 18, 2000 to supply Exelixis with various

21   gas products.  Declaration of Bill Bright, ¶ 3, Exhibit 1.  The contract was amended and renewed on

22   December 4, 2000 and again on February 21, 2002.  Declaration of Bill Bright, ¶¶ 4-5, Exhibits 2

23   and 3.  The February 21, 2002 contract was the contract in effect at the time of the April 2, 2002

24   incident that is the subject of this action.  Declaration of Bill Bright, ¶ 5, Exhibit 3.

---

[1]    PDI does not concede that the facts alleged in Federal's complaint are true as discovery on the factual circumstances surrounding the incident continues.  However, for purposes of this motion, PDI assumes Federal's allegations to be true and argues that PDI would still prevail as a matter of law even assuming Federal's allegations to be true.

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA  94111
Tel: (415) 743-6900
Fax: (415) 743-6910

-2-

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

**B.**     **The February 21, 2002 Contract**

The February 21, 2002 Contract between Exelixis and PDI (Declaration of Bill Bright, ¶ 5, Exhibit 3) provides several key terms governing risk and liability relating to loss, damage or injury to persons or property arising out of the presence of or use of the Products.

The relevant terms of the February 21, 2002 Contract are as follows:

8.      **Warranty.** Product delivered hereunder will meet their manufacturer's standard specifications. Such specifications may be obtained by Purchaser upon request. Purchaser acknowledges that it may obtain devices which have the capability of testing whether the Products delivered hereunder meet such specifications. No claim of any kind with respect to any of the Products delivered hereunder, whether based on contract, negligence, warranty, strict liability or otherwise, shall be greater than the price paid for the Products in respect to which such claim is made. **THERE ARE NO EXPRESS WARRANTIES BY SELLER OTHER THAN THOSE SPECIFIED IN THIS PARAGRAPH 8. NO WARRANTIES BY SELLER (OTHER THAN WARRANTY OF TITLE AS PROVIDED IN THE UNIFORM COMMERCIAL CODE) SHALL BE IMPLIED OR OTHERWISE CREATED, INCLUDING BUT NOT LIMITED TO WARRANTY OF MERCHANTABILITY AND WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER THE UNIFORM COMMERCIAL CODE.**

9.      **Liability.** Purchaser acknowledges that there are hazards associated with the use of the Products. It is Purchaser's responsibility to make its personnel concerned with the Products aware of such hazards and Purchaser undertakes and assumes all responsibility for warning its employees and independent contractors of all hazards to persons and property in any way connected with the Products. Purchaser also assumes all responsibility for the suitability and the results of using the Products. Purchaser assumes all risk and liability for loss, damages or injury to persons or property arising out of the presence of or use of the Products. Seller will not be liable for any special, indirect, incidental or consequential damages hereunder, whether arising from failure to deliver the Products or negligence, warranty, strict liability or otherwise.

These key limitation terms extinguish Federal's negligence, strict liability, and breach of warranty claims, and serve to limit any damage claims to an amount no greater than the price paid for the Products in respect to which such claim is made.

-3-

1

### III.   LEGAL ARGUMENT

2

#### A.   Legal Standard

3

Under the Federal Rules of Civil Procedure, summary judgment is proper only where "the

4 pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if

5 any, show that there is no genuine issue as to any material fact and that the moving party is entitled

6 to a judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party has the burden of

7 demonstrating the absence of a genuine issue of fact before trial. *Anderson v. Liberty Lobby, Inc.*,

8 477 U.S. 242, 256, 106 S. Ct. 2505, 2514, 91 L.Ed.2d 202 (1986). If the moving party satisfies the

9 burden, the party opposing the motion must set forth specific facts showing that a genuine issue for

10 trial remains. *Id.*; FED. R. CIV. P. 56(e).

11

Summary judgment is appropriate when the contract terms are clear and unambiguous, even

12 if the parties disagree as to their meaning. *U.S. v. King Features Entertainment, Inc.*, 843 F.2d 394,

13 398 (9th Cir. 1988); *Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401, 1406 (9th Cir.

14 1985). Interpretation of a contract is a matter of law, including whether the contract is ambiguous.

15 *Beck Park Apts. v. United States Dept. of Housing*, 695 F.2d 366, 369 (9th Cir. 1982); *Kassbaum v.

16 Steppenwolf Productions, Inc.*, 236 F.3d 487 (9th Cir. 2000); *Kitty-Anne Music Co. v. Swan*, 112

17 Cal. App. 4th 30 (2003). Contract interpretation is essentially a judicial function to be exercised

18 according to the generally accepted canons of interpretation so that the purposes of the instrument

19 may be given effect. *Id.* Thus, the sole issue to be decided by this motion for summary judgment –

20 whether the contract between PDI and Exelixis precludes a negligence, strict liability, and breach of

21 warranty action against PDI – is a question of law wholly appropriate for the Court to determine on

22 summary judgment without consideration of whether there is an absence of a genuine issue of

23 material fact regarding the circumstances surrounding the incident.

24

#### B.   The Contract Between PDI and Exelixis Precludes Federal's Negligence, Strict

25

#### Liability and Breach of Warranty Action.

26

##### 1.   Federal Is Subrogated to the Rights of Exelixis.

27

An insurer that fully reimburses its insured is subrogated to the insured's rights and claims.

28 *See Fireman's Fund Ins. Co. v. Wilshire Film Ventures*, 52 Cal. App. 4th 553, 555 (1997);

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

-4-

1   *Maryland Cas. Co. and National Amer. Ins. Co.*, 48 Cal. App. 4th 1822, 1829 (1996). A party

2   entitled to subrogation has the same rights as an assignee of the claim. *Snider v. Basinger*, 61 Cal.

3   App. 3d 819, 824 (1976). Thus, because Federal succeeds in subrogation to the rights of its insured,

4   Exelixis, Federal's right to sue PDI for damages resulting from the alleged failure of the liquid

5   nitrogen container under negligence, strict liability, and breach of warranty theories is governed and

6   limited by the February 21, 2002 Contract between PDI and Exelixis.

7   **2.      The Clear and Unambiguous Terms of the Contract Explicitly Precludes**

8   **Negligence, Strict Liability and Warranty Claims.**

9           Under California law, the language of a contract is to govern its interpretation, if the

10  language is clear and explicit. CAL. CIV. CODE § 1638. When a contract is reduced to writing, the

11  intention of the parties is to be ascertained from the writing alone. CAL. CIV. CODE § 1639. The

12  words of a contract are to be understood in their ordinary and popular sense, rather than according

13  to their strict legal meaning; unless used by the parties in a technical sense, or unless a special

14  meaning is given to them by usage, in which case the latter must be followed. CAL. CIV. CODE §

15  1644. A contract must receive such an interpretation as will make it lawful, operative, definite,

16  reasonable, and capable of being carried into effect, if it can be done without violating the intention

17  of the parties. CAL. CIV. CODE § 1643.

18          The clear and unambiguous terms of the February 21, 2002 Contract between PDI and

19  Exelixis preclude Exelixis from asserting negligence, strict liability or warranty claims against PDI

20  arising out of the presence of or use of the liquid nitrogen container. The February 21, 2002

21  Contract provides, *inter alia*: 1) "***No claim of any kind*** with respect to any of the Products

22  delivered hereunder, ***whether based on contract, negligence, warranty, strict liability or otherwise***,

23  shall be greater than the price paid for the Products in respect to which such claim is made…" and

24  2) "***Purchaser assumes all risk and liability for loss, damages or injury to persons or property***

25  arising out of the presence of or use of the Products. Seller will not be liable for any special,

26  indirect, incidental or consequential damages hereunder, ***whether arising from failure to deliver***

27  ***the Products or negligence, warranty, strict liability or otherwise***." Under these terms, Exelixis

28  was not entitled to bring an action for negligence, strict liability or breach of warranty arising out of

-5-

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1   its use of the liquid nitrogen and the containers provided by PDI.  As a result, Federal is also

2   precluded from bring these same claims against PDI.

3       **3.**    **California Law Recognizes and Upholds Contractual Limitation of Liability**

4           **Provisions Excluding Negligence, Strict Liability and Warranty Claims.**

5       **a.**    **California Law Recognizes Contractual Limitation of Liability**

6               **Provisions Exempting Negligence Where the Public Interest Is Not**

7               **Involved.**

8           California courts recognize and enforce contractual limitation of liability provisions such as

9   those contained in the February 21, 2002 Contract.  Section 1668 of the California Civil Code

10  provides: "All contracts which have for their object, directly or indirectly, to exempt anyone from

11  responsibility for his own fraud, or willful injury to the person or property of another, or violation

12  of law, whether willful or negligent, are against the policy of the law."  While earlier California

13  cases were in conflict regarding a party's ability to contractually exempt itself from negligence

14  liability, the modern view is that a contract exempting liability for ordinary negligence is valid

15  where no public interest is involved and no statute expressly prohibits it.  *Gardner v. Downtown*

16  *Porsche Audi*, 180 Cal. App. 3d 713, 716 (1986).  Thus, California courts have generally upheld

17  contractual liability exemptions for ordinary negligence where the public interest is not involved.[2]

18

19  _____

20  [2]     The California Supreme Court in *Tunkl v. Regents of University of California*, 60 Cal. 2d 92, 96
    (1963) held that exculpatory provisions that "involve the public interest are unenforceable" and articulated

21  six characteristics which have been held to stamp a contract as one affected with a public interest:  (1) it
    concerns a business of a type generally thought suitable for public regulation; (2) the party seeking

22  exculpation is engaged in performing service of great importance to the public, which is often a matter of
    practical necessity for some members of the public; (3) the party holds himself out as willing to perform this

23  service for any member of the public who seeks it, or at least for any member coming within certain
    established standards; (4) as a result of the essential nature of the service, in the economic setting of the

24  transaction, the party invoking exculpation possess a decisive advantage of bargaining strength against any
    member of the public who seeks his services; (5) in exercising a superior bargaining power the party

25  confronts the public with a standardized adhesion contract of exculpation, and makes no provision whereby a
    purchase may pay additional reasonable fees and obtain protection against negligence; (6) as a result of the

26  transaction, the person or property of the purchaser is placed under the control of the seller, subject to the
    risk of carelessness by the seller or his agents."  Even a cursory analysis of the *Tunkl* factors clearly

27  demonstrates that the contract between PDI and Exelixis is not one which involves the public interest.  The
    February 21, 2002 Contract is a purely private business transaction and does not involve a transaction or

28  involve any parties that have any bearing on the public interest.

-6-

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1    As one court explained, "[t]he general rule in California and other states is that exculpatory or

2    indemnity clauses which attempt to free an actor from liability for his own negligence are basically

3    valid but must be strictly construed and that failure to state an attempted exculpation or indemnity

4    in plain, unambiguous and clear terminology will result in an interpretation that the clause was not

5    intended to exempt the actor from liability for his own negligence. Notwithstanding this rule of

6    strict interpretation, the contract must be interpreted by the court and the intent of the parties

7    determined." *Delta Air Lines v. Douglas Aircraft Co.*, 238 Cal. App. 2d 95, 100 (1965).

8         That California law recognizes and enforces contractual limitations clauses is demonstrated

9    by several cases. For example, in *Delta Air Lines v. Douglas Aircraft Co.*, 238 Cal. App. 2d 95,

10   100 (1965), plaintiff bought an airplane from defendant manufacturer for $2,250,000. A defective

11   nose wheel caused the plane to veer off a runway, with resulting property damages of $233,881.35.

12   The contract of sale contained a clause under which plaintiff buyer waived all "liabilities, express or

13   implied, arising by law or otherwise and whether or not occasioned by Seller's negligence." The

14   court held that the limitation provision was valid and relieved defendant of liability for the damages

15   suffered by plaintiff as the clause clearly covered not only warranty but also tort liability for

16   negligence. *Id.* The court specifically found that exemption from liability for negligence is

17   permissible where the public interest is not involved, as is the case here involving a purely private

18   business transaction. *Id.* at 104. As the court explained, "all that is herein involved is the question

19   of which of two equal bargainers should bear the risk of economic loss if the product sold proved to

20   be defective." *Id.*

21        In *Philippine Airlines, Inc. v. McDonnell Douglas Corp.*, 189 Cal. App.3d 234 (1987), a

22   limitation of liability clause in a contract between an aircraft manufacturer and an airline for sale of

23   an aircraft was held by the trial court to bar subsequent claims by the buyer for indemnity from the

24   manufacturer in a personal injury action instituted against the airline by passengers who were

25   injured during an aborted takeoff. The contract for sale had warranted the aircraft against defects,

26   but limited buyer's remedies for breach to repair, replacement, or correction of any defective parts.

27   The court affirmed the holding that the limitation of liability clause was a valid waiver of all rights

28   by the airline to seek indemnity for payments made to personal injury claimants since it explicitly

-7-

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1 stated the buyer waived all liability of the seller arising from negligence or with respect to

2 consequential damages. *See also Continental Airlines, Inc. v. Goodyear Tire & Rubber Co.*, 819

3 F.2d 1519 (9th Cir. 1987) (finding exculpatory clause barring negligence and strict liability claims

4 against aircraft manufacturer enforceable under California law).

5      As in the *Delta Air Lines* and *Philippine Airlines* cases, PDI's supply of gas products to

6 Exelixis is a purely private business transaction between equal bargaining parties in a commercial

7 setting and has no bearing whatsoever on the public interest. Thus, because California law

8 recognizes and upholds limitation of liability provisions exempting negligence claims where the

9 public interest is not involved, the Court should enter summary judgment against Federal and in

10 favor of PDI on plaintiff's negligence claim.

11      **b.**   **California Law Recognizes Contractual Limitation of Liability**

12      **Provisions Exempting Strict Liability Claims in the Commercial Setting.**

13      In addition to barring negligence claims, California law allows contractual limitation of

14 liability provisions to also bar strict liability claims. In *Appalachian Ins. Co. v. McDonnell Douglas*

15 *Corp.*, 214 Cal. App. 3d 1 (1989), the court extended the validity of liability limitation clauses to

16 include strict liability claims in the commercial context. In that case, a telecommunications satellite

17 owned by plaintiff's insured failed to reach the desired orbit after being launched by an upper stage

18 rocket manufactured and sold by defendant. Plaintiff's insurers had paid the insured their share of

19 losses, and filed an action for negligence and strict products liability against defendant. Plaintiff

20 argued that the limitation of liability clauses were unenforceable to the extent they attempt to bar

21 claims for strict liability, arguing that strict liability claims cannot be contractually disclaimed.

22 However, the court held that the doctrine of strict liability was not applicable in a commercial

23 setting. While recognizing that there are cases which have held that strict liability cannot be

24 contractually disclaimed in the consumer context, the court explained that "the doctrine of

25 manufacturers' and suppliers' strict liability in tort was developed primarily to *protect individual*

26 *consumers.*" *Id.* (emphasis in original). In contrast, when lawsuits over a defective product arise in

27 a commercial setting and involve only a business loss, courts have consistently held that the strict

28 liability theory is not available and the parties are limited to normal commercial remedies under

-8-

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1  either the California Uniform Commercial Code or their contracts.  As the court articulated, "strict

2  liability theory should not apply to a commercial transaction because commercial entities are not 'in

3  such vulnerable positions' as are consumers."  *Id.*  Therefore, the court found that liability for

4  defects may be disclaimed since the tort theory of liability does not apply in this context and thus

5  does not bar the disclaimer.

6       Similarly, in *Delta Air Lines, Inc. v. McDonnell Douglas Corp.*, 503 F.2d 239 (5th Cir.

7  1974), the Fifth Circuit, in interpreting California law, held that Section 1668 of the California Civil

8  Code (the California statute declaring public policy against contracts to exempt anyone from

9  responsibility for a law violation) did not invalidate an exculpatory clause relieving the seller of "all

10  other warranties, guarantees, or liabilities, express or implied arising by law or otherwise and

11  whether or not occasioned by seller's negligence."  The Court specifically found that such a clause

12  could be relied on in defense of civil actions counts for negligence, and that the clause was even

13  broad enough to encompass strict liability in tort.

14       Under *Appalachian Ins. Co.*, Exelixis was not entitled (and thus Federal is not now entitled)

15  to maintain a suit for strict liability against PDI for the alleged defect in the liquid nitrogen

16  container supplied by PDI.  The loss suffered by Exelixis and paid for by Federal under their

17  insurance contract was solely a business loss that arose in a commercial setting and did not involve

18  any claims of personal injury.  In such a context, strict liability theory is simply not available and

19  the parties are limited to commercial and contractual remedies.  Because the February 21, 2002

20  Contract also explicitly precludes any strict liability claims arising from Exelixis' use of the PDI's

21  products, the Court should enter summary judgment against Federal and in favor of PDI on

22  plaintiff's strict liability claim.[3]

23

24

25

26

---
27  [3]    To the extent plaintiff's are seeking purely economic losses without any personal or physical injuries, those damages are clearly barred by the economic loss rule. *See Seely v. White Motor Co.*,
28  63 Cal. 2d 9 (1965).

-9-

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

c.   **The Warranty Disclaimer Contained in the February 21, 2002 Contract Are Enforceable Because The Provision Is Not Unconscionable.**

With respect to Federal's breach of warranty claim, the contract between Exelixis and PDI contains a broad warranty disclaimer under the "Warranty" heading and providing: "**THERE ARE NO EXPRESS WARRANTIES BY SELLER OTHER THAN THOSE SPECIFIED IN THIS PARAGRAPH 8. NO WARRANTIES BY SELLER (OTHER THAN WARRANTY OF TITLE AS PROVIDED IN THE UNIFORM COMMERCIAL CODE) SHALL BE IMPLIED OR OTHERWISE CREATED, INCLUDING BUT NOT LIMITED TO WARRANTY OF MERCHANTABILITY AND WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE UNDER THE UNIFORM COMMERCIAL CODE.**" Warranty disclaimers are governed by Section 2-316 of Uniform Commercial Code (codified as CAL. COM. CODE § 2316). Section 2-316(2) provides:

> Subject to subdivision (3), to exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous, and to exclude or modify any implied warranty of fitness the exclusion must be by a writing and conspicuous. Language to exclude all implied warranties of fitness is sufficient if it states, for example, that "There are no warranties which extend beyond the description on the face hereof."

Under California law, a valid disclaimer provision must be in clear and distinct language and prominently set forth in large, bold print in such position as to compel notice. *Dorman v. Int'l Harvester Co.*, 46 Cal. App. 3d 11 (1975). Thus, courts have found that a warranty disclaimer in a purchase agreement was "conspicuous" where the disclaimer was both bold faced and set off in contrasting type and was the only section in the agreement set off in large type. *Siemens Credit Corp. v. Newlands*, 905 F. Supp. 757 (N.D. Cal 1994); *see also Nunes Turfgrass, Inc. v. Vaughn-Jacklin Seed Co., Inc.*, 200 Cal. App. 3d 1518 (1988) (upholding a provision limiting a seed seller's liability for negligence to purchase price as being governed by UCC).

The warranty disclaimer in the contract between Exelixis and PDI meets the "conspicuous language" requirement of the UCC as it is both set out in bold face and set off in contrasting all-caps typeface, and it is the only section in the agreement set off in large type. Furthermore, it is set forth in a separate section under the "Warranty" heading. As such, neither Exelixis or Federal can

-10-

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

1  make a valid argument that the disclaimer was invalid as unconscionable.  Because the warranty

2  disclaimer in the February 21, 2002 Contract is both valid and enforceable,  the Court should enter

3  summary judgment against Federal and in favor of PDI on plaintiff's breach of warranty claim

4  barring Federal's warranty claim.  Alternatively, pursuant to the terms of that provision, the Court

5  should limit any damages for breach of warranty to be no greater than the price paid for the

6  Products in respect to which such claim is made.

7         **d.**      **The Limitation of Liability and Limitation of Damages Provisions**

8                   **Should Be Enforced Because It Is Comprehensible, Clear and Explicit,**

9                   **and Free of Ambiguity or Obscurity.**

10         To be sufficient as an exculpatory provision against one's own negligence, the party seeking

11  to rely thereon must select words or terms clearly and explicitly expressing that this was the intent

12  of the parties.  *Basin Oil Co. of Calif. v. Baash Ross Tool Co.*, 125 Cal. App. 2d 578, 594; *Salton*

13  *Bay Marina, Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914 (1985).  Any contract of release

14  from negligence must be comprehensible, clear and explicit, free of ambiguity or obscurity, and tell

15  the prospective releasor that it is releasing the other from liability, including negligence.  *Madison*

16  *v. Superior Court*, 203 Cal. App. 3d 589 (1988); *Westlye v. Look Sports, Inc.*, 17 Cal. App. 4th 1715

17  (1993).  Here, the contractual limitation of liability and limitation of damages provisions are clear,

18  comprehensible, and free from ambiguity or obscurity.  The provisions explicitly release any

19  negligence, strict liability or breach of warranty claims against PDI.  As a result, the Court should

20  enforce these provisions set forth in the February 21, 2002 Contract and enter judgment against

21  plaintiff Federal and in favor of defendant PDI as a matter of law.

22  //

23  //

24  //

25  //

26  //

27

28

-11-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Holland & Knight LLP
50 California Street, 28th Floor
San Francisco, CA 94111
Tel: (415) 743-6900
Fax: (415) 743-6910

## IV.   CONCLUSION

Under California law, the limitation of liability and limitation of damages provisions contained in PDI's contract with Exelixis explicitly bars the plaintiff's breach of warranty, negligence, and strict liability claims.  As a result, PDI respectfully requests that the Court grant PDI's motion for summary judgment and enter judgment in PDI's favor as a matter of law. Alternatively, PDI respectfully requests that the Court grant partial summary judgment in favor of PDI on those claim for which PDI must prevail as a matter of law.

Dated:  July 29, 2005                                    HOLLAND & KNIGHT LLP


                                                            _____
                                                            /s/

                                                            Robert A. Bleicher
                                                            Chung-Han Lee

                                                            Attorneys for Defendant
                                                            PRAXAIR DISTRIBUTION INC.

# 3061634_v1

-12-

MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PDI'S
MOTION FOR SUMMARY JUDGMENT

Case No. CV-04-03943 SC